IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EL CAM BEY,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )
                                     )    Case No. 1:19CV928
SHEFFEILD FINANCIAL, et al.,         )
                                     )
            Defendants.              )

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Complaint [Doc. #2] filed by Plaintiff El Cam Bey, Executor for the Cameron Robinson Trust. In conjunction with the Complaint, Plaintiff also submitted an Application For Leave to Proceed *In Forma Pauperis* [Doc. #1]. Additionally, there are several pending motions that have been filed by the parties. Defendants filed a Rule 12(b)(6) Motion to Dismiss [Doc. #6]. Plaintiff filed a Motion to Change Venue [Doc. #9] and a Motion for Joinder [Doc. #16]. For the reasons set out below, this Court will recommend dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for being frivolous and for failure to state a claim upon which relief may be granted. In light of the Recommendation of dismissal on those grounds, the remaining motions before the Court should be deemed moot.

I.      FACTS, CASE HISTORY, BACKGROUND

In the present civil action, Plaintiff identifies himself as "El Cam Bey" in the capacity of "Executor for the Cameron Robinson Trust." (Compl. [Doc. #2] at 1.) He initiated this

action by filing a blank Application for Leave to Proceed In Forma Pauperis, and attached a document entitled "Notice of Interest," which includes a "Registration" as an "Aboriginal Moor", an "affidavit of truth" which appears to claim sovereign immunity, a "declaration of jurisdiction," a purported birth certificate, a document purporting to exempt Plaintiff from payment of certain taxes and costs, and other similar baseless and frivolous documents. Plaintiff's Complaint names as defendants Sheffield Financial ("Sheffield") and John Nicolson, Senior Vice President of Sheffield. Since his initial filing, Plaintiff has moved to add Branch, Banking, and Trust ("BB&T") to the action, apparently as the appropriate corporate entity for Sheffield. (Mot. For Joinder [Doc.#16].) Plaintiff indicates that he is suing the Defendants for "violation of federal consumer laws" under 15 U.S.C. §§ 1635, 1640, and 1692 *et. seq.* (Civ. Cover Sheet [Doc. #3].)

Plaintiff's documents, attachments, and claims are somewhat difficult to decipher. While not entirely clear, it appears that Plaintiff alleges that he signed a contract with Sheffield to finance a 2019 carry-on trailer. (Compl. at 5.) Plaintiff alleges that Sheffield took issue with his inclusion of the notation "ALL RIGHTS RESERVED UCC 1-308" with his signature, so he ultimately signed the contract without the notation "under threat [and] duress of losing [his trailer]." (Id.) Plaintiff alleges that Defendant Sheffield did not disclose to him his "rights as a federally protected consumer and is attempting to further violate [him] as a federally protected consumer, by continuously attempting to deny [his] right of rescission." (Id.) A document titled "Fraudulent Claim" was also attached to the Complaint in which Plaintiff further alleges that he attempted to make a payment to Sheffield in the amount of $300 using an automated system. However, a payment was instead processed in the amount of $8,863.70, which was

2

apparently the balance due, and Plaintiff alleges that a charge of $8,863.70 was drafted from his bank account to be paid to Sheffield, rather than his $300 intended amount. (Id. at 6.) He alleges he contacted Sheffield and a representative explained that it was Plaintiff's mistake but that they would not accept the payment and that he should contact his bank. He alleges his bank told him that he would have to go into a physical branch to dispute the charge.

II. DISCUSSION

A. IFP Application

The first matter before the Court is Plaintiff's application to proceed *in forma pauperis*. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

3

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

4

affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In the instant matter, Plaintiff El Cam Bey purports to file suit using the title of "Executor of the Cameron Robinson Trust." As presently filed, the Complaint appears to be filed by Plaintiff as executor of the Cameron Robinson Trust on behalf of the Cameron Robinson Trust. However, the Supreme Court has held that only natural persons qualify as a "person" under 28 U.S.C. § 1915. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993); see also In re Estate of Van Putten, 553 F. App'x 328 (4th Cir. 2014) (denying IFP applications of representatives of an estate, finding that the estate was not a "natural person"). Because a trust is not a natural person, it may not proceed in a case *in forma pauperis*. Thus, Plaintiff is not entitled to proceed in forma pauperis based on his desire to proceed on behalf of the "Cameron Robinson Trust." If Plaintiff wishes to file an action on behalf of the Cameron Robinson Trust, he will need to pay the appropriate fees associated with filing such a complaint and retain counsel.[1] In the event Plaintiff has a claim he wishes to bring on his own behalf, he would need to file that claim on a new form, with a proper IFP application completed.

Moreover, the Complaint as presently filed is frivolous and fails to state a claim under 28 U.S.C. § 1915(e)(2)(B). With respect to Defendant John Nicholson, Plaintiff's complaint makes no reference to Nicholson aside from identifying him as a defendant, and the Complaint fails to include any information pertaining to Nicholson or any alleged involvement or

---

[1] Local Rule 11.1 provides that an entity "may only appear through counsel." As such, if Plaintiff wishes to bring a claim on behalf of the Cameron Robinson Trust, he will not be permitted to proceed pro se.

interactions with Plaintiff or the events Plaintiff alleges gave rise to his claim. With respect to Defendant Sheffield, Plaintiff has not clearly set out a claim against Sheffield. Plaintiff alleges that Sheffield somehow "did not disclose [to Plaintiff his] rights as a federally protected consumer and is attempting to further violate [Plaintiff] as a federally protected consumer, by continuously attempting to deny [his] right of recession." (Compl. at 5.) However, Plaintiff's allegations fail to state any claim for relief. To the extent that Plaintiff seeks to state a claim under 15 U.S.C. § 1635 against Sheffield for failing to disclose his right to rescind, Plaintiff has not alleged a fact that would permit recovery or any sort of remedy. Section 1635 provides that an obligor shall have a right of recession within a certain period of time "in the case of any consumer credit transaction . . . in which a security interest. . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). That provision also places a requirement on the creditor to "clearly and conspicuously disclose" the rights of the obligor. Plaintiff did not plead any facts pertaining to property that is his principal dwelling and would be subject to 15 U.S.C. § 1635.

To the extent that Plaintiff seeks to state a claim under 15 U.S.C. § 1640 against Sheffield for civil liability for not properly providing consumer credit cost disclosures, Plaintiff has not made a clear statement of a particular right Sheffield failed to disclose. Plaintiff has only offered that Sheffield is "attempting" to further violate him by "attempting" to deny him his right of recession. If Plaintiff is arguing that Sheffield failed to disclose a right of recession granted by 15 U.S.C. § 1635, his facts as pleaded do not support such a claim as discussed above.

6

To the extent that Plaintiff seeks to state a claim under 15 U.S.C. § 1692K for civil liability for illegal debt collection methods, Plaintiff has not made a clear statement of actions he contends violate laws controlling permissible debt collection practices. Based on the documents Plaintiff provided, it appears that on July 21, 2019, he initiated a payment to Sheffield through an automated phone service. Ultimately a larger payment than Plaintiff intended was transferred, and on July 23, 2019, his bank account showed a pending charge to Sheffield that was in excess of his intended payment. After speaking with a Sheffield customer service employee and his bank, his bank directed him to visit a branch in person to dispute the charge. There is no indication that Sheffield ultimately received the funds that showed as a pending charge. Plaintiff does not specify whether he successfully disputed the charge, and Plaintiff does not specify whether Sheffield received money it was not owed. Furthermore, to the extent that Plaintiff's bank did initiate a transfer of payment and directed Plaintiff to go to a physical location to dispute the charge, it is unclear how Sheffield is liable for the bank's directions. It is also unclear what debt collection practice that Plaintiff claims Sheffield undertook.

For all of these reasons, the Complaint as currently presented should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because it is frivolous and fails to state a claim for which relief may be granted. If Plaintiff believes that he can state a proper claim, he should file the proper forms, and if proceeding IFP file as an individual on his own behalf, and clearly set out the basis for the claims. Any such filing will be filed as a new case and referred for further consideration by the Court. Named Defendants need not respond unless IFP status is granted.

### B. Defendant's Motion to Dismiss

The Court notes that Defendants have filed a Motion to Dismiss on various grounds pursuant to Federal Rule of Civil Procedure 12(b). However, because Plaintiff's IFP Application had not been reviewed and pauper status had not been granted, the Complaint had not yet been deemed filed at the time of Defendant's filing. As such, Defendant's Rule 12 Motion to Dismiss [Doc. #6] should be terminated as moot in light of the Court's Recommendation that the matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### C. Plaintiff's Motion for Change of Venue

Plaintiff requests that the instant matter be transferred to the U.S. District Court for the Eastern District of California [Doc. #9]. However, the Court notes that Plaintiff filed the action in this District and Plaintiff alleges that both Defendants are domiciled here. In light of the Court's Recommendation that the matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Court need not further consider the Motion for Change of Venue, and it should be terminated as moot.

### D. Plaintiff's Motion for Joinder

Plaintiff has also filed a Motion for Joinder, requesting that BB&T be added as a defendant in the instant matter. Given the Court's Recommendation that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the Motion for Joinder should be denied as moot. As noted above, if Plaintiff believes that he can state a proper claim, he should file the proper forms and clearly set out the basis for the claims.

III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and for failing to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Dismiss [Doc. #6], Plaintiff's Motion to Change Venue [Doc. #9], and Plaintiff's Motion for Joinder [Doc. #16] be terminated as moot in light of the Court's Recommendation that the case be dismissed.

This, the 1st day of November, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

9

Case 1:19-cv-00928-WO-JEP   Document 18   Filed 11/01/19   Page 9 of 9